a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TYRONE JOSEPH BROWN, Petitioner | CIVIL ACTION NO. 5:19-CV-387-P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DARREL VANNOY, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Tyrone Joseph Brown ("Brown") (#519781). Brown is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Brown challenges his life sentence imposed in the 26th Judicial District Court, Bossier Parish.

Because Brown cannot establish that his sentence is unconstitutional, Brown's § 2254 Petition (Doc. 1) should be DENIED and DISMISSED.

I.  Background

Brown was convicted of second-degree murder and sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence. State v. Brown, 43,775 (La. App. 2 Cir. 12/3/08); 999 So.2d 179, writ denied, 2009-0047 (La. 9/25/09); 18 So.3d 81. At the time of the offense, Brown was 16 years old.

Following the rulings in Miller v. Alabama, 567 U.S. 460 (2012) and Montgomery v. Louisiana, 136 S. Ct. 718 (2016), Brown filed a motion to correct an illegal sentence in the district court. The court amended Brown's sentence to allow

for parole eligibility. State v. Brown, 51,418 (La. App. 2 Cir. 6/21/17, 2), writ denied, 2017-1287 (La. 4/27/18); 241 So.3d 306.

On appeal, the Louisiana Second Circuit Court of Appeal found that "eligibility for parole is the sole question to be answered in a Miller hearing." Accordingly, there was no consideration of whether Brown was entitled to a downward departure from the mandatory sentence of life imprisonment at hard labor. The trial court only considered whether the mandatory sentence should include parole eligibility. Id. (citing Montgomery, 136 S. Ct. at 743; State v. Shaw, 51,325 (La. App. 2 Cir. 5/17/17), 223 So. 3d 607, 2017 WL 2152520). The Louisiana Supreme Court denied writs. State v. Brown, 2017-1287 (La. 4/27/18); 241 So.3d 306.

Brown claims his sentence violates Miller and Montgomery because the courts rubber-stamped "with parole" on Brown's life sentence without considering mitigating factors. (Doc. 1-2).

II. Law and Analysis

In Miller, the Supreme Court held that a mandatory life sentence without parole violates the Eighth Amendment's prohibition on 'cruel and unusual' punishment if the offender was under 18 years of age at the time the offense was committed. See Miller v. Alabama, 567 U.S. 460 (2012). Miller did not foreclose a court's ability to impose a life sentence without parole, but the court must consider how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison. Id. at 480.

Brown's sentence was amended to include the possibility of parole. Therefore, his sentence is not unconstitutional under <u>Miller</u>. In fact, in <u>Montgomery v. Louisiana</u>, 136 S. Ct. 718, 736 (2016), the Supreme Court specifically noted that a state may remedy a <u>Miller</u> violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. The court further noted that "allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity—and who have since matured—will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment." <u>Id.</u>

The requirement to examine mitigating factors is applicable when a life sentence is being imposed without the possibility of parole. Since Brown received a sentence with the possibility of parole, the trial court was not required to consider those factors. Moreover, the court noted that Brown did not argue mitigating circumstances or attempt to present any mitigating evidence at the resentencing hearing. <u>See</u> <u>Brown</u>, 51,418 (La. App. 2 Cir. 6/21/17, 10 n.6).

### III. Conclusion

Because Brown's sentence is not unconstitutional, IT IS RECOMMENDED that his § 2254 Petition (Doc. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being

served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __26th__ day of April, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge

4